## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

STATE AUTO PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
)
Plaintiff, )
)   Case No.   21-1117
v. )
)
KENNETH GRASLE, )
)
Defendant. )
)

## PLAINTIFF'S DECLARATORY JUDGMENT COMPLAINT

Comes now the Plaintiff, State Auto Property & Casualty Insurance Company, by and through its undersigned attorneys, and pursuant to 28 U.S.C. §2201, seeks declaratory judgment against Defendant Kenneth Grasle.  In support hereof, State Auto Property & Casualty Insurance Company ("State Auto") alleges as follows:

## NATURE OF ACTION

1.      This is a declaratory judgment action pursuant to 28 U.S.C. §2201 to determine and resolve questions of actual controversy regarding uninsured motorists insurance coverage claimed by Kenneth Grasle in connection with his May 18, 2018 automobile accident while employed by Schulte Supply, Inc.

## THE PARTIES

2.      State Auto is an Iowa corporation with its principal place of business in Columbus, Ohio.

3.      Kenneth Grasle resides in St. Clair County, Illinois, and is a citizen of the State of Illinois.

4.      Kenneth Grasle is named herein because he is the claimant in the underlying uninsured motorist claim and is therefore a necessary party.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this dispute under 28 U.S.C. §1332 in that it arises between Citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Venue is proper because Kenneth Grasle's accident of May 18, 2018 with an uninsured motorist occurred in Monroe County, Illinois.

## THE UNDERLYING UNINSURED MOTORIST CLAIM

6.      On February 19, 2019, Kenneth Grasle, by his attorneys, made a demand for arbitration under the uninsured motorists coverage of the State Auto policy issued to his employer, Schulte Supply, Inc.  This demand related to Kenneth Grasle's May 18, 2018 accident with an uninsured motorist during the course of his employment.  A true and accurate copy of that demand is attached hereto as Exhibit A.

7.      State Auto issued a Business Auto insurance policy to Schulte Supply, Inc.,

Policy No. BAP 241341503.   That policy was in effect from October 1, 2017 through

October 1, 2018.   A true and accurate copy of that Policy is attached hereto and

incorporated herein as Exhibit B.

8.      The pertinent excerpts from the insurance policy are as follows:

> **C. Exclusions**
> This insurance does not apply to any of the following:
> 1.      Any claim settled without our consent.
>                           *          *          *
> **Limit of Insurance**
> 2.      No one will be entitled to receive duplicate payments
> for the same elements of "loss" under this Coverage Form and
> any Liability Coverage form, Medical Payments Coverage
> endorsement   or   Underinsured   Motorists   Coverage
> endorsement attached to this Coverage Part.
>          We will not make a duplicate payment under this
> coverage for any element of "loss" for which payment has
> been made by or for anyone who is legally responsible.
>          We will not pay for any element of "loss" if a person is
> entitled to receive payment for the same element of "loss"
> under any workers' compensation, disability benefits or
> similar law.
>                           *          *          *
> **Definitions**
> "Loss" means direct and accidental loss or damage.

## COUNT I

**BECAUSE PLAINTIFF DID NOT OBTAIN THE CONSENT OF STATE AUTO PRIOR
TO SETTLING HIS WORKERS' COMPENSATION CLAIM WITH HARTFORD
INSURANCE COMPANY, STATE AUTO'S UNINSURED MOTORIST COVERAGE
DOES NOT APPLY TO THIS CLAIM AND THE PENDING ARBITRATION
SHOULD BE DISMISSED.**

9.      State Auto repeats and realleges Paragraphs 1-8 above as though fully repeated herein as Paragraph 8.

10.     In connection with his May 18, 2018 accident, Kenneth Grasle filed an Application for Adjustment of Claim with the Illinois Workers' Compensation Commission on December 12, 2018.  He claimed that the following parts of his body were affected: "Neck/Back/Bi-Lateral Ankles/Right Shoulder/Body As A Whole."  The nature of the injury was described as "Serious and Permanent."  A true and accurate copy of the Application is attached hereto as Exhibit C.

11.     On or about April 29, 2021, the Workers' Compensation claim of Kenneth Grasle was settled.  The Settlement Contract Lump Sum Petition and Order was electronically signed by Kenneth Grasle, his attorney, and the attorney for Hartford Insurance Company on May 3, 2021.  It was approved by the Illinois Workers' Compensation Commission on May 4, 2021.  A true and accurate copy of the Settlement Contract is attached hereto as Exhibit D.

12.     At no time on or before May 4, 2021 did State Auto consent to the Workers' Compensation settlement arising out of the May 18, 2018 accident, for which the uninsured motorist claim was made on February 19, 2019 (Exhibit A).

13.     State Auto would not have "consented" to the settlement because, among other things, the Application (Exhibit C) alleged "serious and permanent" injury to Kenneth Grasle's "neck," but the Settlement Contract (Exhibit D) only provided for

recovery for the "lumbar spine" and also discontinued any medical expenses after November 5, 2019, thereby exposing State Auto to liability for Kenneth Grasle's neck injury as a result of the May 18, 2018 accident with the uninsured motorist.

14.    Pursuant to the "Exclusions" set forth in State Auto's uninsured motorist endorsement of its policy (Exhibit B), as quoted in Paragraph 8, State Auto's insurance does not apply to the claim for arbitration for the May 18, 2018 accident because it did not give its "consent" to the settlement.  Thus, there is no need for the arbitration of the uninsured motorist claim and it should be dismissed.

WHEREFORE, the Plaintiff, State Auto Insurance Company, requests a judgment pursuant to 28 U.S.C. 2201 against the Defendant, Kenneth Grasle, declaring that State Auto Property and Casualty Insurance Company has no obligation to provide uninsured motorist coverage for the May 18, 2018 automobile accident, an Order dismissing the arbitration, and for such other and further relief as the Court deems just and proper.

## COUNT II

**THE ELEMENTS OF "LOSS" WHICH HAVE EITHER BEEN PAID OR FOR WHICH CLAIMANT WAS ENTITLED TO RECEIVE PAYMENT IN HIS WORKERS' COMPENSATION CLAIM SHOULD BE BARRED FROM RECOVERY IN THE ARBITRATION.**

15.    State Auto repeats and realleges Paragraphs 1-8 above as though fully repeated herein as Paragraph 15.

16.     Under Illinois Workers' Compensation Act (820 ILCS 305/8), claimants may be entitled to payment for the following "benefits categories": (a) Medical care that is reasonably required to cure or relieve the employee of the effects of the injury; (b) Temporary total disability (TTD) benefits while the employee is off work, recovering from the injury; (c) Temporary partial disability (TPD) benefits while the employee is recovering from the injury but working on light duty for less compensation; (d) Vocational rehabilitation/maintenance benefits are provided to an injured employee who is participating in an approved vocational rehabilitation program; (e) Permanent partial disability (PPD) benefits for an employee who sustains some permanent disability or disfigurement, but can work; (f) Permanent total disability (PTD) benefits for an employee who is rendered permanently unable to work; and (g) Death benefits for surviving family members.  Handbook On Workers' Compensation And Occupational Diseases, published by the Illinois Workers' Compensation Commission.  (Exhibit E).

17.     In the Settlement Contract (Exhibit D), Kenneth Grasle was specifically compensated for the following "elements of loss": past wage loss by virtue of the Temporary Total Disability award and past medical expenses.  Other "elements of loss" which were recoverable by Plaintiff in the Workers' Compensation claim included TPD (Temporary Partial Disability), PPD (Permanent Partial Disability), and PTD (Permanent Total Disability).  Specifically, the Terms of Settlement in Exhibit D provided as follows: "Respondent agrees to pay and Petitioner agrees to accept the lump sum of $85,531.25 in

full and final settlement of any claims under the Workers' Compensation and

Occupational Disease Acts for all injuries, known or unknown, allegedly incurred,

including any and all results, developments, or sequelae, fatal or non-fatal, resulting from

such injuries.   Issues exist between the parties as to whether Petitioner has incurred

injuries to the degree alleged and whether or not such injuries are compensable.   This

settlement is based on Petitioner's present condition and includes any other accidents,

injuries, aggravation, repetitive trauma, or other onset symptoms to the date of this

settlement.   This settlement is to resolve all issues and litigation between the parties,

including, but not limited to, TTD, TPD, PPD, PTD; Medical, Surgical, Hospital expenses

and interest; and Wage Differential and Vocational Rehabilitation benefits.   Respondent

will not pay additional medical bills with the exception of reasonable, necessary, and

related low back treatment, pursuant to the Illinois WC Fee Schedule, for treatment

incurred from date of accident through 11/5/20."

18.     Pursuant to the "Limit of Insurance" set forth in State Auto's uninsured

motorist coverage (Exhibit B) as alleged in paragraph 8, any and all "elements of loss"

which were either paid or recoverable by Kenneth Grasle in his Workers' Compensation

are considered "duplicate payments" under State Auto's policy, and State Auto is not

obligated to pay for those "elements of loss."

WHEREFORE, the Plaintiff, State Auto Insurance Company, requests a judgment

pursuant to 28 U.S.C. 2201 against the Defendant, Kenneth Grasle, declaring that State

Auto Property and Casualty Insurance Company has no obligation to provide uninsured

motorist coverage for any "element of loss" which was paid or recoverable by Kenneth

Grasle in his Workers' Compensation claim for the May 18, 2018 automobile accident,

and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

STATE AUTO INSURANCE,
By:     /s/ *Gary A. Meadows*
         One of its attorneys

Gary A. Meadows, #6209493
Abby Sgro, #6316589
HEPLERBROOM, LLC
4340 Acer Grove Drive
Springfield, IL 62711
Telephone:  (217) 528-3674
Facsimile:  (217) 528-3964
gam@heplerbroom.com
als@heplerbroom.com